UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GWENDOLYN COLE-HOOVER, as
Administratrix of the Estate of DAVID COLE,

                Plaintiff,

                                          14-CV-429-S

      v.

UNITED STATES OF AMERICA,

                Defendant.
_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO COMPEL AND/OR FOR SANCTIONS**

      The Government submits this Memorandum of Law in support of its Motion to Compel and/or for sanctions.   In this case, the Government seeks an order sanctioning plaintiff for failing to comply with this Court's order requiring her to answer Interrogatory #20 and Notice to Produce Items 4 and 6, and to appear at a deposition, or in the alternative, requiring plaintiff to respond to Interrogatory #20, items 4 and 6 of the Notice to Produce, and for a deposition by a day certain, and for such other and further relief as to the Court seems just and proper.   The facts relating to this motion are set forth in the Declaration of Mary K. Roach, filed herewith.

**POINT I**

**THE GOVERNMENT'S MOTION SHOULD BE GRANTED**

Rule 37(b) of the Federal Rules of Civil Procedure governs failure to comply with a court order.  When a court orders a deponent to answer a question and the deponent fails to obey, the failure may be treated as a contempt of court.  Fed.R.Civ.P. 37(b)(1).

Where a party fails to obey an order to provide or permit discovery, the court may impose various sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

This Court has imposed sanctions on a *pro se* litigant who fails to comply with discovery orders.  *See, Cauley v. Ingram Micro, Inc.,* 220 F.R.D. 26 (W.D.N.Y. 2004).  In *Cauley,* plaintiff failed to comply with two orders of the court directing her to provide discovery, participate in a deposition and appear for an independent medical examination.  Both orders warned plaintiff that her failure to comply with orders of the court could result in serious sanctions, including dismissal of her case.  *Id.,* at 29.  Finding that plaintiff

2

demonstrated "unexcused and willful non-compliance with two orders of this court", Magistrate Judge Foschio recommended, and District Judge Skretny adopted, the finding that the complaint should be dismissed.  Pursuant to Fed.R.Civ.P. 37(b)(2)(C).  *Id.*

There is no dispute that the sanction of dismissal is not to be applied except in extreme circumstances.  *Jones v. J.C. Penney Stores, Inc.,* 228 F.R.D. 190, 201 (W.D.N.Y. 2005). However, the Second Circuit has found that a *pro se* plaintiff's refusal to answer questions at a court-ordered deposition justified dismissal of a complaint as a sanction under Rule 37. *Jones v. Niagara Frontier Transportation Authority*, 836 F.2d 731, 734 (2d Cir. 1987)

As is detailed in the Declaration of Mary K. Roach filed herewith, plaintiff disregarded the order of this Court dated February 23, 2016 requiring her to respond to Interrogatory #20 and Notice to Produce Items 4 and 6.  Moreover, she failed to appear for her deposition on the scheduled date:  March 28, 2016.  Given her extensive experience as a litigant in federal court, her failure to comply with the court's order should be deemed willful. Therefore, sanctions are appropriate.  Given the range of options set forth in Fed.R.Civ.P. 37(b)(2), and the fact that dismissal of the complaint is to be reserved for "extreme circumstances," it is respectfully submitted that the Court should issue an order directing plaintiff to appear for a deposition on a day certain, require her to respond to Interrogatory #2 and Items 4 and 5 of the Notice to Produce by a day certain in advance of the deposition, and further directing that if plaintiff fails to comply with the order, that she will be subject to sanctions, including but not limited to, dismissal of the action, together with such other and further relief as to the Court seems just and proper.

## **CONCLUSION**

For the reasons set forth herein, and in the Government's other submission, the Government's Motion to Compel and/or for Sanctions should be granted.

DATED:   Buffalo, New York, April 1, 2016.

                                          WILLIAM J. HOCHUL, JR.
                                        United States Attorney


BY:
                                        S/MARY K. ROACH
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        Western District of New York
                                        138 Delaware Avenue
                                        Buffalo, New York 14202
                                        (716) 843-5700, ext. 15866
                                        [mary.k.roach@usdoj.gov]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GWENDOLYN COLE-HOOVER, as
Administratrix of the Estate of DAVID COLE,

                Plaintiff,

        v.                                              14-CV-429-S

UNITED STATES OF AMERICA,

                Defendant.
_____

## CERTIFICATE OF SERVICE

      I hereby certify that on April 1, 2016, I electronically filed the foregoing **Memorandum of Law** with the Clerk of the District Court using its CM/ECF system.

      I further certify that on April 1, 2016, I mailed the foregoing **Memorandum of Law** by the United States Postal Service, to:

Gwendolyn Cole-Hoover
7557 Greenbush Road
Akron, New York 14001

                                              S/CHERYL KINMARTIN
                                              Legal Assistant