UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GWENDOLYN COLE-HOOVER, as
Administratrix of the Estate of DAVID COLE,

                               Plaintiff,

    v.

UNITED STATES OF AMERICA,
                               Defendant.

**DECISION
and
ORDER**

**14-CV-429S(F)**

APPEARANCES:       GWENDOLYN COLE-HOOVER, *Pro Se*
                                  7557 Greenbush Road
                                  Akron, New York 14001

                                  WILLIAM J. HOCHUL, JR.
                                  UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  MARY K. ROACH,
                                  Assistant United States Attorney, of Counsel
                                  138 Delaware Avenue
                                  Buffalo, New York 14202

      Before the court is Defendant's motion, filed April 1, 2016, requesting an order directing Plaintiff to answer Defendant's Interrogatories No. 20, respond to Defendant's Notice to Produce Nos. 4 and 6 ("Defendant's discovery requests"), and appear for a supplemental deposition and to answer at such deposition certain questions to Plaintiff by Defendant at Plaintiff's deposition conducted June 30, 2015 ("Defendant's request for Plaintiff's deposition answers") (Dkt. 37) ("Defendant's motion"). Defendant's prior motion to compel seeking responses to Defendant's discovery requests and Plaintiff's answers to Defendant's questions at Plaintiff's deposition filed December 29, 2015 (Dkt. 29), was granted by Decision and Order filed February 23, 2016 (Dkt. 36) ("the February

23, 2016 D&O"), and no appeal was taken by Plaintiff.  By letter dated February 23, 2016, Dkt. 38 ¶ 14, Defendant requested Plaintiff's compliance with Defendant's discovery requests in accordance with the February 23, 2016 D&O by March 27, 2016, and to appear at a supplemental deposition scheduled for "March 28, 2015" [*sic*] ("the deposition").  On March 25, 2016, according to Defendant, Plaintiff telephoned Defendant to request the deposition be rescheduled.  Dkt. 30 ¶ 15.  However, because Plaintiff failed to answer Defendant's return phone call and Plaintiff's voicemail box was full, Defendant was unable to discuss and resolve Plaintiff's request with Plaintiff.  *Id.*  As of April 1, 2016, Plaintiff had failed to provide responses to Defendant's discovery requests as ordered by the February 23, 2016 D&O or contact Defendant's attorney to reschedule the deposition.  *Id.* ¶ 16.  By letter dated March 25, 2016, Defendant informed Plaintiff of Defendant's difficulties in communicating with Plaintiff in an attempt to respond to Plaintiff's request to reschedule the deposition, Dkt. 38 ¶ 20, and requested Plaintiff telephone Defendant's counsel to resolve the matter.  *Id.*  As of April 1, 2016, Defendant received no communication from Plaintiff.  *Id.* ¶ 15.  By order filed April 4, 2016, Dkt. 40, Plaintiff's response to Defendant's motion was due April 15, 2016 with oral argument scheduled for April 27, 2016.

On April 27, 2016, Plaintiff appeared for oral argument on Defendant's motion and informed the court that she had been away from the area and hospitalized in New Jersey at the time her attorneys requested on December 3, 2015, Dkt. 27,[1] and were granted leave to withdraw on January 14, 2016, Dkt. 32, Defendant's initial motion to

---

[1]  The motion to withdraw was based on counsel's inability to communicate effectively with Plaintiff beginning October 20, 2014, Dkt. 27 ¶¶ 16-17.

compel was filed December 29, 2015, and when the February 23, 2016 D&O was filed, she had not received copies of those documents and that copies of the Defendant's motion and the February 23, 2016 D&O, which had been mailed by the Clerk of Court directly to Plaintiff in her *pro se* status after Plaintiff's withdrawing counsel were granted leave to withdraw had not been received by her despite the fact that Defendant's and the court's mailings to Plaintiff had been properly addressed to Plaintiff and mailed by First Class U.S.P.S and not returned as undeliverable.  Dkt. 47.  Based on Plaintiff's representation, the court reserved decision on Defendant's motion and requested Defendant provide copies of Defendant's motion and related documents to Plaintiff which were to be hand delivered to Plaintiff on April 28, 2016, and Plaintiff was directed to respond to Defendant's motion by May 11, 2016.  Dkt. 47.  To date, the court has not been informed by Plaintiff that Plaintiff did not receive copies of Defendant's motion and the February 23, 2016 D&O as the court had directed, and the court therefore presumes Plaintiff has received such documents.

By papers filed May 6, 2016, Plaintiff filed a document denominated as a Motion For Change Of Venue, Dkt. 48, in which Plaintiff sets forth further statements in support of Plaintiff's Motion For Change Of Venue filed by Plaintiff April 4, 2016 (Dkt. 41), and in opposition to Defendant's motion including that Plaintiff should not be deposed as an expert.  Dkt. 48 ¶¶ 3-5.  Plaintiff also requested additional time to depose Dr. Uzma Samarandi, who performed surgery on Plaintiff's decedent.  *Id.* ¶ 8.  Plaintiff's statement also includes several assertions that the court at the April 27, 2016 hearing on Defendant's motion expressed prejudice toward Plaintiff.  *Id.* ¶¶ 7-9, 11.

On May 18, 2016, Defendant filed a Supplemental Memorandum Of Law In

Opposition To Motion For Change Of Venue And In Support Of Motion To Compel (Dkt. 49) ("Defendant's Supplemental Memorandum"). In Defendant's Supplemental Memorandum Defendant disputes Plaintiff's assertion that the February 23, 2016 D&O directed Plaintiff to answer Defendant's questions at Plaintiff's deposition regarding her position with respect to the circumstances surrounding Defendant's treatment of Plaintiff's decedent and Plaintiff's understanding of the nature of decedent's intraventricular hemorrhages and prognosis based on Plaintiff's status as an expert witness. *See* February 23, 2016 D&O at 2-3 (noting that Defendant's questions satisfied relevancy requirement under Fed.R.Civ.P. 26(b)(1) as they are directed to the issues of Defendant's liability and Plaintiff's damages). Indeed, contrary to Plaintiff's assertion that the D&O directed Plaintiff to answer such questions based on Plaintiff's status as an expert under Fed.R.Civ.P. 26(a)(2)(A) ("Rule 26(a)(2)(A)") and Fed.R.Evid. 702, the February 23, 2016 D&O recognized that Plaintiff could not be asked to answer Defendant's questions as an expert; rather, the court found "Defendant was entitled to know Plaintiff's position on this relevant question of medical fact to avoid potential surprise and delay in further proceedings." *Id.* at 3. Additionally, although Plaintiff correctly states that Plaintiff, at present, is not a testifying expert in the case under Rule 26(a)(2)(A), and that Defendant is aware of the identity of Plaintiff's testifying expert, Dkt. 48 ¶ 4-5, according to Defendant, Plaintiff has, to date, not served any disclosure of the identity of Plaintiff's testifying expert pursuant to Rule 26(a)(2)(A). Dkt. 49 at 2; Dkt. 50 ¶ 3. Significantly, Plaintiff's response to Defendant's motion as contained in Plaintiff's Motion For Change Of Venue sets forth no reason why Plaintiff should not be required to answer Defendant's Interrogatory No. 20 and respond to Defendant's Notice

to Produce Nos. 4 and 6.

Finally, there is no merit to Plaintiff's further assertion that the court "immediately granted" Defendant's motion to compel after granting Plaintiff's withdrawing attorney's motion. Dkt. 48 ¶ 10.  Rather, without any indication on the record that Plaintiff had not received notice of Plaintiff's counsel's motion to withdraw, Dkt. 27, filed December 12, 2015, on January 14, 2016 (Dkt. 32), the return date on the motion to withdraw, the court, after granting without Plaintiff's opposition, Plaintiff's counsel's motion to withdraw, established a briefing schedule on Defendant's motion to compel.  *Id.*  The court also directed Plaintiff's withdrawing counsel send to Plaintiff a copy of Defendant's motion.  *Id.*[2]  Further, in light of Plaintiff's *pro se* status, the court allowed Plaintiff until February 12, 2016, to respond to Defendant's motion, and directed that a copy of the minute entry of that proceeding be mailed by the court to Plaintiff at Plaintiff's address as stated on the docket.  *Id.*  Also, contrary to Plaintiff's assertion, the record indicates Plaintiff's withdrawing attorney, Michele Braun, Esq., was present in the courtroom when the briefing schedule on Defendant's motion was discussed and filed.  *Id.*; Dkt. 49 at 3.  Based on the record, even if Plaintiff did not receive copies of Defendant's motion during her absence from her home, Plaintiff has, since the hearing on Defendant's second  motion to compel, conducted April 27, 2016, received copies of Defendant's motion and the February 23, 2016 D&O. by responding to Defendant's discovery requests and appearing for a supplemental deposition to answer Defendant's questions as directed by the February 23, 2016 D&O.  In sum, Plaintiff's opposition, Dkt. 48,

---

[2]  To date, since learning of Plaintiff's prior attorneys' motion to withdraw, Plaintiff has not requested the court reconsider its decision granting Plaintiff's counsel's motion to withdraw or that the court reopen the matter in the interest of justice because Plaintiff had not received notice of such motion.

provides no justification for Plaintiff's continued refusal to comply with the February 23, 2016 D&O.  Accordingly, Defendant's motion, Dkt. 37, should be GRANTED.

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 37) is GRANTED.  Plaintiff shall serve an answer to Defendant's Interrogatory No. 20 and responses to Defendant's Notice to Produce Nos. 4 and 6 <u>not later than June 30, 2016</u>.  Plaintiff shall answer Defendant's questions in accordance with the February 23, 2016 D&O at a supplemental deposition which shall be conducted <u>not later than July 20, 2016</u>. PLAINTIFF IS ADVISED THAT FAILURE TO COMPLY WITH THIS DECISION AND ORDER MAY SUBJECT PLAINTIFF TO SANCTIONS PURSUANT TO FED.R.CIV.P 37(b)(2)(A) AND 37(d)(1)(A), INCLUDING DISMISSAL OF THIS ACTION. SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2016
Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).