UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GWENDOLYN COLE-HOOVER, as
Administratrix of the Estate of DAVID COLE,

                            Plaintiff,

   v.

UNITED STATES OF AMERICA,

                            Defendant.

**DECISION**
**and**
**ORDER**

**14-CV-429S(F)**

APPEARANCES:        GWENDOLYN COLE-HOOVER, *Pro Se*
                               7557 Greenbush Road
                               Akron, New York 14001

                               WILLIAM J. HOCHUL, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               MARY K. ROACH
                               Assistant United States Attorney, of Counsel
                               138 Delaware Avenue
                               Buffalo, New York 14202

      In this FTCA case alleging medical malpractice, by papers filed April 4, 2016, Plaintiff moves for a change of venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)") ("Plaintiff's motion").  Under § 1404(a) courts have "broad discretion" to transfer venue, *WD Encore Software, LLC v. The Software MacKiev Company*, 2016 WL 1056628, at *2 (W.D.N.Y. Mar. 17, 2016), if the action could have been brought in the proposed transferee district and considerations of "convenience and fairness" support the request.  *Id.* (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988))).  Here, Defendant does not dispute this action could

have been brought in the Southern District of New York pursuant to 27 U.S. C. § 1402(b) which in FTCA cases authorizes venue in either the plaintiff's district of residence or where the negligence is alleged to have occurred.  The court therefore turns to whether considerations of convenience and fairness favor the request.

In seeking a change in venue the burden is on the moving party, here Plaintiff, to "make a clear and convincing showing that the balance of convenience strongly favors the alternative forum." X*iu Feng Li v. Hock,* 371 Fed.Appx. 171, 175 (2d Cir. 2010).  In making this assessment, the court considers nine factors, *WD Encore Software, LLC*, 2016 WL 1056628, at *3, including "'(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.'"  *Id.* (quoting *Pilates, Inc. v. Pilates Institute*, 891 F.Supp. 175, 183 (S.D.N.Y. 1995) (citing *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F.Supp. 1247, 1250 (S.D.N.Y. 1995))).

As to the first factor, convenience of witnesses, Plaintiff contends that, except for Plaintiff, all the witnesses in this case are located in Manhattan and New Jersey, Dkt. 41 ¶ 2, and that the parties' "physicians, resident physicians in training, medical personnel and family" of Plaintiff's decedent, "reside in Northern New Jersey, less than 25 miles from New York City," and that it would be of "great inconvenience" for the parties to travel over 300 miles to this district for trial.  Dkt. 46 ¶ 20.  According to Defendant,

Plaintiff's witnesses are not all in New York City or New Jersey, Dkt. 44 at 5, as Plaintiff may be a witness and resides in this district.  Further, even assuming that Plaintiff expects to call other physicians involved in the treatment of Plaintiff's decedent, Defendant's other medical personnel, and Plaintiff's family members who may be located in New Jersey or New York City as witnesses, Defendant maintains such witnesses may provide trial testimony via electronic video conference from a courtroom in the Southern District of New York. Dkt. 44 at 6; Dkt. 50 ¶¶ 5-6; Exh. A (describing available videoconference service in two courtrooms in the Southern District). Defendant also indicates, and Plaintiff does not dispute, that Dr. Uzma Samadani, Plaintiff's decedent's treating neurosurgeon, the only employee of Defendant deposed by Plaintiff, now resides in Minnesota and is expected to testify at trial in this district. Dkt. 44 at 5.  In opposition, Plaintiff asserts the risk that the video conference could fail for technical reasons and Plaintiff's witnesses could be subjected to bridge or tunnel traffic delays.  Dkt. 48 ¶¶ 3-5.  However, such possibilities do not support a finding that Plaintiff's witnesses will be inconvenienced if required to testify in the Southern District, which is the object of Plaintiff's motion, via video conference with the Buffalo courthouse in this district where the case was properly venued by Plaintiff's then counsel.  *See Flores v. United States*, 2015 WL 6737744, at *5 (E.D.N.Y. Nov. 4, 2015) (denying defendant's motion to change venue to Texas where alleged assault occurred on basis that witness inconvenience could be eliminated by allowing defendant's witnesses to testify via live video conference) (quoting *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC,* 960 F.Supp.2d 383, 398 (E.D.N.Y. 2013) ("inconvenience can be lessened by allowing [witnesses] to testify by video" (bracketed material in original)))).

"'The court is capable of evaluating a witnesses' [*sic*] testimony whether presented by video or in person.'" *Flores*, 2016 WL 6737744, at *5. Thus, the availability of video conference between a the Southern District courtroom, which will convenience Plaintiff's putative witnesses located in that area as Plaintiff seeks, and the Buffalo courthouse in this district (which is equipped with advanced video conference capability) where the case is venued for trial, points against Plaintiff's motion under the first factor.[1]

As to the second factor, location of documents and ease of access to proof, Plaintiff does not address directly this consideration. However, according to Defendant, as the decedent's medical records are "not voluminous" and "easily transportable," the location of trial is not a "compelling consideration." Dkt. 44 at 6 (citing *JetBlue Airways*, 960 F.Supp.2d at 399 (location of documents not a factor on request to change venue where records are "easily portable" (quoting *KPMG Consulting Inv. v. LSQ II, LLC*, 2002 WL 1543907, at 5 (S.D.N.Y. July 12, 2002))). Accordingly, this factor does not favor Plaintiff's motion. The third factor, convenience of the parties, does not support Plaintiff's motion as Plaintiff resides in the district and transfer to the Southern District is likely to burden Defendant which may be required to either reassign the case to a different attorney in the Southern District, or to incur the extra expense of sending Defendant's present attorney to the Southern District for trial. As to the fourth factor, the locus of operative facts, Plaintiff's motion primarily contends witness convenience, and does not specifically address this factor except to assert that Plaintiff was "completely

---

[1] The undersigned has also determined, *sua sponte,* that based on a review of the Southern District's videoconferencing protocol by this court's technical staff, video conferencing between this courthouse and the Southern District courthouse is in fact feasible. That such protocol contemplates providing video conference technician at Plaintiff's expense is insufficient to render videoconference testimony infeasible in this case, as by retaining venue in this district, Plaintiff will avoid significant travel related expenses in connection with giving testimony in the Southern District.

unaware" her withdrawn counsel had filed the action in this district, Dkt. 41 ¶ 4, and that the underlying alleged negligence of Defendant occurred in New York City. *Id.* ¶ 5. In opposition to Plaintiff's assertion that she was unaware her attorney had venued the case in this district (perhaps as a convenience to Plaintiff who resides here), Plaintiff could not have failed to be aware of the action's venue in this district as Plaintiff, on February 19, 2015, verified Plaintiff's answers to Defendant's interrogatories which clearly indicated in the caption that the action was venued in this district, Dkt. 43-2 at 10, 26. In any event, parties to litigation are expected to provide oversight and supervision of the decisions of their respective counsel acting as their agents. *See Commissioner of Internal Revenue v. Banks*, 543 U.S. 426, 436 (2005) (although the client relies on the attorney's expertise and special skills to achieve a desired result, "the client retains ultimate dominion and control over the underlying claim"). While § 1404(a) sets no limitations on a motion for a change of venue, that the Southern District in this case is more correctly the locus of operative facts, does not excuse Plaintiff's undue delay in seeking a change in venue and Plaintiff does not contend her prior counsel purposively obscured the fact that the case had been venued in this district in order to avoid losing its retainer as a result of Plaintiff's insistence on opting to place venue in the Southern District. Thus, such factor does not in these circumstance support Plaintiff's motion.

Regarding the fifth factor, availability of process for unwilling witnesses, Plaintiff does not contend that there are likely to be any such unwilling witnesses. Accordingly, this factor does not support Plaintiff's motion. *See WD Encore Software, LLC,* 2016 WL 1056628, at *4 (failure to provide affidavit of potential unwillingness of witnesses

relevant to this factor renders this consideration neutral). Moreover, neither Plaintiff nor Defendant indicates that Dr. Samadani, who treated Plaintiff's decedent and now resides in Minnesota, and would be unwilling to testify in this district and that Dr. Samadani is not equally subject to process in both districts. *See* Dkt. 44 at 5. Accordingly, the fifth factor as to Plaintiff's motion is neutral. With respect to the relative financial means of the parties, Plaintiff does not contend this sixth factor favors Plaintiff's request and as such the court finds it is also a neutral factor, except to note that it would appear that it would be less expensive for Plaintiff, as a party and potential witness, to try the case in this district than in New York City.

The seventh factor, familiarity with governing law is also neutral. As this FTCA action is a federal claim, it is "well-settled that 'any district court may handle [a Federal case] with equal skill.'" *WD Encore, LLC,* 2016 WL 1056628, at *4 (quoting *Bionx Implants, Inc. v. Biomet, Inc.*, 1999 WL 342306, at *5 (S.D.N.Y. May 27, 1999) (bracketed material in original)). Accordingly, the seventh factor provides no support to Plaintiff's motion. A plaintiff's choice of forum, the eighth factor, usually considered significant, is not entitled to weight where, as here, the selected forum has "'no material connection with the action.'" *WD Encore, LLC*, 2016 WL 1056628, at *5 (quoting *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F.Supp.2d 433, 437 (S.D.N.Y. 2000)). Here, although as discussed, Discussion, *supra*, at 4-5, the operative facts, *i.e.*, Defendant's treatment of Plaintiff's decedent occurred in the Southern District, it was Plaintiff who venued the action in this district, and who now seeks to change venue approximately two years after commencing the action claiming not to have been aware of her counsel's decision to do so. While convenience of counsel is not relevant to a

change of venue request, *WD Encore, LLC*, 2016 WL 1056628, at *5 (citing quoting *Invivo Research, Inc.*, 119 F.Supp.2d at 437 (internal citations omitted)), here the record is silent as to whether the case was venued here for the convenience of counsel or Plaintiff, or both.  Accordingly, the court finds this factor to be neutral and, as such, it also does not support Plaintiff's motion.

Finally, consideration of trial efficiency and interests of justice, the ninth factor generally relates to issues of the relative docket conditions and congestion in both the transferor and transferee districts.  *WD Encore, LLC*, 2016 WL 1056628, at *5 (citing *Royal Ins. Co. of Am. v. Tower Records, Inc.*, 2002 WL 31385815, at *8 (S.D.N.Y. Oct. 22, 2002)).  Here, according to official records of the Administrative Office of U.S. Courts, as of March 31, 2016, the median time in months from filing to trial in this district is 54.6 months; in the Southern District it is 24.8 months. http://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2016/03/31 (last accessed June 20, 2016).  Thus, it appears that based on this recent data, Plaintiff may obtain an earlier trial in the Southern District.  However, as Defendant points out, transfer at this time would require the case be assigned to new judicial officers and additional time for such officers to become familiar with the case which may militate against an earlier trial.  Dkt. 44 at 7.  Thus, although, based on recent objective data, this factor points in favor of Plaintiff's motion, standing alone it is not dispositive in Plaintiff's favor.[2]

In sum, Plaintiff's motion is supported by only one of the nine factors relevant to

---

[2]  Plaintiff also asserts the undersigned indicated prejudice against Plaintiff, *see* Dkt. 48 ¶¶ 7, 8, 9 (at 5), 12-13, however, as discovery has been concluded, absent a consent pursuant to 28 U.S.C. § 636(c) to proceed to trial before the undersigned, the case will be tried by the assigned district judge.

Plaintiff's motion and accordingly, Plaintiff's motion should be DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion, Dkt. 41, is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2016
           Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**