UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GWENDOLYN COLE-HOOVER, as<br>Administratrix of the Estate of DAVID COLE,<br><br>                                    Plaintiff,<br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | **DECISION**<br>**and**<br>**ORDER**<br><br>**14-CV-429S(F)** |

APPEARANCES:       GWENDOLYN COLE-HOOVER, *Pro Se*
                                    7557 Greenbush Road
                                    Akron, New York 14001

                                    WILLIAM J. HOCHUL, JR.
                                    UNITED STATES ATTORNEY
                                    Attorney for Defendant
                                    MARY K. ROACH
                                    Assistant United States Attorney, of Counsel
                                    138 Delaware Avenue
                                    Buffalo, New York 14202

**JURISDICTION**

This case was referred to the undersigned by order of Hon. William M. Skretny dated October 29, 2014 (Dkt. 12) for all non-dispositive motions. It is presently before the court on Defendant's motion to compel, filed July 5, 2016 (Dkt. 54), and Defendant's motion for sanctions filed July 5, 2016 (Dkt. 56).

## BACKGROUND and FACTS[1]

In this FTCA action alleging malpractice based on Defendant's treatment of Plaintiff's decedent, particularly Defendant's failure to prevent a MRSA infection at decedent's brain surgery site, on December 29, 2015, Defendant moved to compel Plaintiff's responses to Defendant's Interrogatory No. 20 requesting Plaintiff state the amount of pecuniary loss and damages sustained by decedent's next of kin as alleged in paragraph 23 of the Complaint and provide responses to Defendant's Document Requests No. 4 and 6 relating to Interrogatory No. 20 ("Defendant's discovery requests").  Defendant also moved to compel Plaintiff to provide answers to Defendant's questions to Plaintiff at Plaintiff's deposition seeking information regarding Plaintiff's consulting work and Plaintiff's views regarding Plaintiff's knowledge of the usual prognosis for a patient, such as Plaintiff's decedent, suffering intraventricular hemorrhages ("Defendant's deposition questions") (collectively "Defendant's motions").  At Plaintiff's deposition, Plaintiff objected to Defendant's deposition questions.  Plaintiff's counsel's motion to withdraw was granted on January 14, 2016 (Dkt. 32) and Plaintiff's time to respond to Defendant's motion was extended by 30 days; however, Plaintiff failed to file any response to Defendant's motion.  In a Decision and Order, filed February 23, 2016 (Dkt. 36) ("the February 23, 2016 D&O"), the court granted Defendant's motion finding Defendant's Interrogatory No. 20, Documents Requests Nos. 4 and 6, and Defendant's deposition questions sought relevant unprivileged information, and Plaintiff was therefore directed to provide responses to Defendant's discovery requests but, to date, has not done so.  Dkt. 57 ¶ 25.  Plaintiff did not appeal

---

[1] Taken from the papers and pleadings filed in this action

the February 23, 2016 D&O.  Despite Defendant's attempts to schedule a supplemental deposition of Plaintiff, Dkt. 57 ¶¶ 23-24, Plaintiff failed to communicate with Defendant to schedule a convenient time for Plaintiff's deposition.

On April 1, 2016, Defendant moved to compel Plaintiff to provide by a date certain responses to Defendant's discovery requests and to appear for the Plaintiff's supplemental deposition ("Defendant's April 1, 2016 motion").  Dkt. 57 ¶ 26.  Plaintiff's response to Defendant's April 1, 2016 motion was due April 15, 2016, but to date Plaintiff has not responded.  In a Decision and Order filed June 21, 2016, the court granted Defendant's April 1, 2016 motion, Dkt. 52 ("the June 21, 2016 D&O"), and directed Plaintiff serve responses to Defendant's discovery requests not later than June 30, 2016, and appear and provide answers to Defendant's questions in accordance with the February 23, 2016 D&O at a supplemental deposition to be conducted not later than July 20, 2016.  In the June 21, 2016 D&O Plaintiff was advised that Plaintiff's failure to comply with the June 21, 2016 D&O may result in sanctions, including dismissal of this action, pursuant to Fed.R.Civ.P. 37(b)(2)(A) and 37(d)(1)(A).  A copy of the June 21, 2016 D&O was sent to Plaintiff by first-class U.S. Mail to Plaintiff at her address at 7557 Greenbush Road, Akron, New York, 14001.  To date, there is nothing in the court's file to indicate that such notice was returned to the court as undeliverable.  On June 22, 2016, Defendant notified Plaintiff by letter sent to Plaintiff at the same address that Plaintiff's supplemental deposition as directed by the court was scheduled for July1, 2016 at the office of the United States Attorney for this district at 10:00 a.m., and requested Plaintiff advise Defendant's counsel immediately if that date was not convenient.  Dkt. 57 ¶ 9.  No responsive communication from Plaintiff was received by

3

Defendant's attorney, and Plaintiff did not appear at the scheduled July 1, 2016 deposition.  Dkt. 57 ¶¶ 10-12.  As of July 6, 2016, Plaintiff had also failed to serve responses to Defendant's discovery requests as directed by the June 21, 2016 D&O.  *Id.* ¶ 13.  Oral argument on Defendant's motion was conducted August 10, 2016, at which Plaintiff did not appear despite notice by the court.  Dkt. 59.

## DISCUSSION

It is well-established that in federal civil cases, *pro se* litigants are required to comply with applicable discovery requirements, including a party's obligation to give deposition testimony, and failure to do so can result in sanctions, including, upon proper notice, dismissal with prejudice, pursuant to Fed.R.Civ.P. 37 ("Rule 37").  *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).  However, imposition of sanctions, particularly dismissal with prejudice under Rule 37, is within the court's discretion and will be sustained where the court finds willfulness, bad faith, or any default by the party to be sanctioned for failure to provide discovery including participation in a deposition.  *See Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990).  Although in this case, Plaintiff's failures to comply with Defendant's discovery requests and the court's June 21, 2016 D&O which notified Plaintiff of the potential consequences of Plaintiff's continued non-compliance, the court finds that Defendant's motion should in "an abundance of caution" be denied to provide Plaintiff "one last chance to fulfill [her] discovery obligations."  *Agiwal*, 555 F.3d at 301 (quoting Magistrate Judge Bloom's order denying defendant's request for dismissal of

the action as a sanction for plaintiff's repeated failures to appear for a deposition and answer defendant's interrogatories).  Accordingly, while the court denies Defendant's motion for sanctions it does so without prejudice and with notice to Plaintiff that Plaintiff's failure to comply with the court's Order may result in an order precluding Plaintiff from submitting evidence at trial regarding the damages suffered by Plaintiff's decedent's next of kin or that this action be dismissed with prejudice.[2]  However, as a lesser sanction at this time, Plaintiff shall, pursuant to Rule 37(d)(3), reimburse Defendant the costs of the court reporter engaged by Defendant to record Plaintiff's July 1, 2016 deposition which Plaintiff failed, without excuse, to attend.  *See Agiwal*, 555 F.3d at 301 (recalcitrant plaintiff ordered by presiding magistrate judge to pay court reporter fee incurred by defendant for deposition plaintiff failed to attend).  Plaintiff shall make such payment to Defendant <u>within 30 days</u> of Defendant serving its statement for such expense upon Plaintiff.

## CONCLUSION

Based on the foregoing, Defendant's motion to compel (Dkt. 54) is GRANTED; Defendant's motion for sanctions (Dkt. 56) is DENIED without prejudice.  <u>Plaintiff is directed to provide responses to Defendant's discovery requests and to appear for a supplemental deposition in compliance with the January 23, 2016 and June 21, 2016 D&Os not later than 45 days after the filing of this Decision and Order.</u>  PLAINTIFF IS ADVISED THAT FAILURE TO COMPLY WITH THIS DECISION AND ORDER MAY

---

[2]  As the present referral order (Dkt. 7) limits the undersigned's authority to non-dispositive matters, Defendant's further motion for the sanction of dismissal must be filed with Judge Skretny.

SUBJECT PLAINTIFF TO SANCTIONS PURSUANT TO FED.R.CIV.P 37(b)(2)(A) AND 37(d)(1)(A), INCLUDING DISMISSAL WITH PREJUDICE OF THIS ACTION.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 17, 2016
Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**