UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GWENDOLYN COLE-HOOVER,
*As Administratrix of the Estate of David Cole*,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendants.

**DECISION AND ORDER**
14-CV-429S

---

## I. INTRODUCTION

In this action, *pro se* Plaintiff Gwendolyn Cole-Hoover, as administratrix of her brother's estate, asserts medical-malpractice claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2679(a). Plaintiff alleges that the Veterans Administration Hospital in Manhattan, N.Y., was negligent in the care and treatment of her brother, David Cole, and that such treatment resulted in his death.

Presently before this Court is Defendant's Motion to Dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and under Rule 37(b) for failure to comply with court orders. For the reasons stated below, Defendant's motion is granted on both grounds.

## II. BACKGROUND

Plaintiff filed this action on June 4, 2014. (Docket No. 1.) At that time, she was represented by counsel. Defendant filed its answer to the complaint on August 8, 2014. (Docket No. 5.) Counsel litigated the case until December 3, 2015, when Plaintiff's counsel moved to withdraw on the basis of difficulty communicating with and gaining the

cooperation of Plaintiff. (Docket No. 27.) On January 14, 2016, the Honorable Leslie G. Foschio, United States Magistrate Judge, granted Plaintiff's counsel's motion to withdraw and determined that Plaintiff would proceed *pro se*. (Docket No. 32.)

Plaintiff is an experienced *pro se* litigator, having pursued at least seven actions in this district as well as actions in other federal and state courts. (See Declaration of Mary K. Roach ("Roach Decl."), ¶¶ 14, 15.). After her attorney withdrew, Plaintiff litigated discovery issues before Judge Foschio, who presided over all pretrial matters. Plaintiff, however, did not consistently adhere to Judge Foschio's directives.

On January 15, 2016, Judge Foschio directed Plaintiff to file a response by February 12, 2016, to a Motion to Compel filed by Defendant. (See Docket No. 33.) Plaintiff disregarded this directive and never responded to the Defendant's motion, which Judge Foschio granted on February 23, 2016. (See Docket No. 36.)

In his February 23, 2016 decision, Judge Foschio ordered Plaintiff to respond to certain interrogatories and deposition questions. (Id.) Defendant thereafter attempted to obtain the ordered information and schedule Plaintiff's further deposition testimony. Plaintiff, however, never produced the required discovery nor did she communicate with Defendant to schedule her deposition. (Roach Decl., ¶¶ 23–25.)

Due to Plaintiff's intransigence, Defendant filed a Second Motion to Compel on April 1, 2016, again seeking to gain Plaintiff's compliance with its discovery demands. (See Docket No. 37.) Judge Foschio directed Plaintiff to respond to Defendant's motion by April 15, 2016. (Docket No. 40.) Plaintiff failed to respond as directed.

On June 21, 2016, Judge Foschio granted Defendant's Second Motion to Compel and directed Plaintiff to comply with the discovery demands at issue no later than June 30,

2016. (Docket No. 52.) Judge Foschio also specifically warned Plaintiff, in capital letters, that "failure to comply with this decision and order may subject Plaintiff to sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(A) and 37(d)(1)(A), including dismissal of this action." (Id.)

Following Judge Foschio's June 21, 2016 Order, Defendant scheduled Plaintiff's deposition and sent her notice of the same. (Roach Decl., ¶ 30.) Plaintiff did not advise Defendant that the scheduled deposition posed a conflict for her or otherwise communicate difficulty with the date. (Id. at ¶ 31.) Plaintiff nonetheless failed to appear for her deposition nor did she provide discovery responses by the deadline set by Judge Foschio. (Id. at ¶¶ 33, 34.)

On July 5, 2016, Defendant filed yet a Third Motion to Compel, this one seeking an Order requiring Plaintiff to make her expert disclosures, which were due May 2, 2016. (Docket No. 54; Roach Decl., ¶ 38.) Defendant also filed a Motion for Sanctions. (Docket No. 56.) Judge Foschio directed Plaintiff to respond to both motions by August 4, 2016, and again warned her that "failure to respond to this order may result in sanctions including dismissal of this action." (Docket No. 59.) Plaintiff failed to respond as directed and failed to appear at oral argument. (Docket No. 61.)

On October 17, 2016, Judge Foschio granted Defendant's Third Motion to Compel and directed that Plaintiff pay the costs of the court reporter retained by Defendant for Plaintiff's deposition. (Docket Nos. 70, 71.) In his decision, Judge Foschio noted Plaintiff's repeated failures to comply with court orders and again warned her that "failure to comply with the court's Order may result in . . . this action be[ing] dismissed with prejudice." (Docket Nos. 70, 71.) Plaintiff thereafter failed to provide the discovery ordered by Judge

3

Foschio and failed to pay the costs of the court reporter as directed. (Roach Decl., ¶¶ 52–57, 62.) Plaintiff also failed to appear for her rescheduled deposition, causing Defendant to again incur court-reporter expenses. (Id. at ¶¶ 59–61.)

On October 20, 2016, Defendant filed a Motion for Modification of the Fifth Amended Scheduling Order. (Docket No. 72.) Judge Foschio directed Plaintiff to respond to Defendant's motion by November 4, 2016. (Docket No. 73.) Plaintiff failed to respond as directed.

On December 6, 2016, Defendant filed the instant Motion to Dismiss Plaintiff's complaint due to her failure to prosecute and comply with discovery demands and court orders. (Docket No. 76.) This Court thereafter set three separate deadlines for Plaintiff's response. (Docket Nos. 80, 82, 86.) The final two orders specifically warned Plaintiff "that her failure to file and serve a response to Defendant's motion as directed may result in this Court granting Defendant's motion as uncontested pursuant to Local Rule 7(a)(2)(A) or dismissing Plaintiff's case for failure to prosecute." (Docket Nos. 82, 86.) Despite this warning, and the many before, Plaintiff failed to file her response as directed.

### III. DISCUSSION

**A.   Dismissal under Rule 41(b) For Failure to Prosecute**

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under

4

Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41 (b).

Rule 41 (b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Dismissal pursuant to Rule 41 (b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* plaintiffs, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser

sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

Here, Plaintiff is solely at fault for failing to prosecute: she has been uncommunicative; has failed to comply with court orders; has failed to appear as directed; has failed to pay a court-ordered sanction; and has failed to conduct discovery.

With respect to duration, Plaintiff's inaction has caused unnecessary delay of more than 16 months, since Defendant's first motion to compel. (Docket No. 29.) This is a failure of significant duration. See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal).

Thus, this Court finds that this factor weighs in favor of dismissal—all delay is attributable to Plaintiff and is of significant duration.

### 2. Notice of Dismissal

The Second Circuit requires that a plaintiff receive adequate notice that her case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, there can be no question that Plaintiff had adequate notice: she received

notice that her case could be dismissed for failure to prosecute or failure to comply with court orders on January 15, April 4 and 12, June 21, July 12, and October 17, 2016, and January 11 and February 28, 2017. (Docket Nos. 33, 40, 42, 52, 59, 70, 71, 82, 86.) Because Plaintiff was on repeated notice that her case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendant

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty

7

to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused Judge Foschio and this Court to prepare and file several case-management and scheduling orders, and to schedule and conduct several court proceedings. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

As for Due Process, this Court notes that Plaintiff has been afforded her due process rights in that she has been provided numerous opportunities to comply with the orders of this court. Thus, Plaintiff's own failure to litigate this matter is not a denial of due process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record, it is this Court's opinion that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored directives by failing to appear in court, failing to file responses as directed, failing to pay a court-ordered sanction, and failing to meet discovery obligations. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New

York City, No. 91 CIV. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

**B.      Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders**

"A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'" Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996) (quoting FED. R. CIV. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. See Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 195 (W.D.N.Y. 2005) (identifying dismissal of the action as an available sanction under Rule 37); JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

Although Rule 37 dismissal is a drastic remedy reserved for only extreme circumstances, it "is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (and cases cited therein); see also

9

Societe Int'l v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's repeated failure to comply with Judge Foschio's discovery orders.

## IV. CONCLUSION

Plaintiff has failed to diligently prosecute this action and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 76) is GRANTED.

FURTHER, that this case is DISMISSED pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: April 21, 2017
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge